```
          F I L E D
     CLERK, U.S. DISTRICT COURT

          4/23/2024

  CENTRAL DISTRICT OF CALIFORNIA
  BY: _____  TV  _____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2024 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 5:24-cr-00103-JFW |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 1029(a)(3): Possession of Fifteen or More Unauthorized Access Devices; 18 U.S.C. § 1029(a)(4): Possession of Device-Making Equipment; 18 U.S.C. § 1014: False Statement to a Federally Insured Institution; 18 U.S.C. §§ 982 and 1029: Criminal Forfeiture] |
| FRANCIS JOSEPH PUENTE, aka "Joseph Francis Puente," aka "Frank Puente," Defendant. | |

The Grand Jury charges:

COUNTS ONE THROUGH FOUR

[18 U.S.C. § 1343]

A.    THE SCHEME TO DEFRAUD

1.    Beginning on a date unknown to the Grand Jury, but not later than on or about January 5, 2021, and continuing to on or about August 28, 2023, in Los Angeles, Orange, and Riverside Counties, within the Central District of California, and elsewhere, defendant FRANCIS JOSEPH PUENTE, also known as ("aka") "Joseph Francis Puente,"

aka "Frank Puente," knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud victims as to material matters, and to obtain money, funds, assets, and property owned by and in the custody and control of such victims by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

2. The scheme to defraud, operated, in substance, as follows:

a.  Beginning no later than January 5, 2021 and continuing through at least August 28, 2023, defendant PUENTE used victims' personally identifiable information and access devices, such as social security numbers, to purchase vehicles.  Defendant PUENTE would obtain the names, dates of birth, addresses, and social security numbers of victims across the United States, often with names similar to his own.  Then, defendant PUENTE would produce fraudulent identity cards with the victims' information and his image.

b.  To obtain the vehicles, defendant PUENTE would submit applications to car dealerships, and in one case to Navy Federal Credit Union ("NFCU"), to finance the purchases.  In each application to a car dealership, he would upload or present an image of a fraudulent driver's license and use a victim's social security number.  In his NFCU application, he used a victim's social security number to obtain the loan.  Defendant PUENTE's applications caused the transmission in interstate commerce of a wire communication outside California.  For two of the applications, the car dealership or NFCU transmitted defendant PUENTE's application to their financial component for approval, located outside of California.  In the other purchases, defendant PUENTE's applications were transmitted to a

2

1  server located outside of California.

2  B.    THE USE OF THE WIRES

3      3. On or about the following dates, in Los Angeles, Orange, and

4  Riverside Counties, within the Central District of California,

5  defendant PUENTE, for the purpose of executing the above-described

6  scheme to defraud, transmitted and caused the transmission of the

7  following items by means of wire communication in interstate

8  commerce:

| COUNT | DATE | ACT |
|---|---|---|
| ONE | January 10, 2021 | Caused a credit application to purchase a 2016 BMW 328 for $30,119.76 from a CarMax located in Costa Mesa, California, to be submitted via electronic transmission through a CarMax server in Georgia |
| TWO | July 5, 2021 | Caused a used vehicle loan application to NFCU to purchase a 2019 Mercedes Benz GLA250 for $34,644.44 from a CarMax located in Murietta, California to be submitted via electronic transmission to NFCU financing department in Florida or Virginia |
| THREE | June 19, 2022 | Caused a credit application to purchase a 2021 Nissan Rogue for $40,503.70 from Nissan of Tustin located in Tustin, California to be submitted via electronic transmission to Nissan financing department in Texas |
| FOUR | August 7, 2023 | Caused a credit application to purchase a 2021 Lexus NX300 for $56,403.36 from a CarMax located in Duarte, California, to be submitted via electronic transmission through a CarMax server in Georgia |

3

                              COUNT FIVE

                      [18 U.S.C. § 1028A(a)(1)]

     On or about August 7, 2023, in Riverside County, within the
Central District of California, defendant FRANCIS JOSEPH PUENTE, also
known as ("aka") "Joseph Francis Puente," aka "Frank Puente,"
knowingly possessed and used, without lawful authority, a means of
identification that he knew belonged to another person, namely, the
social security number of victim J.L.P., during and in relation to
the commission of the offense of Wire Fraud, a felony violation of
Title 18, United States Code, Section 1343, as charged in Count Four
of this Indictment.

1                                    COUNT SIX

2                        [18 U.S.C. § 1029(a)(3)]

3     On or about May 11, 2023, in Riverside County, within the

4   Central District of California, defendant FRANCIS JOSEPH PUENTE also

5   known as ("aka") "Joseph Francis Puente," aka "Frank Puente,"

6   knowingly and with intent to defraud, possessed at least fifteen

7   unauthorized access devices (as defined in Title 18, United States

8   Code, Sections 1029(e)(1) and (3)), namely, approximately 19 social

9   security numbers, all issued to persons other than defendant PUENTE,

10   with said possession affecting interstate and foreign commerce.

COUNT SEVEN

[18 U.S.C. § 1029(a)(4)]

On or about May 11, 2023, in Riverside County, within the Central District of California, defendant FRANCIS JOSEPH PUENTE, also known as ("aka") "Joseph Francis Puente," aka "Frank Puente," knowingly and with intent to defraud, had control and custody of, and possessed, device-making equipment (as defined in Title 18, United States Code, Sections 1029(e)(6)), namely, an MSRX6 magnetic encoder device, bearing serial number F12003190684, with said control, custody, and possession affecting interstate and foreign commerce.

COUNT EIGHT

[18 U.S.C. § 1014]

On or about July 5, 2021, in Riverside County, within the Central District of California, defendant FRANCIS JOSEPH PUENTE, also known as ("aka") "Joseph Francis Puente," aka "Frank Puente," knowingly made false statements to Navy Federal Credit Union, a financial institution the accounts of which were insured by the National Credit Union Administration, for the purpose of influencing the action of Navy Federal Credit Union, in connection with a loan application.  Specifically, in an application to obtain a used vehicle loan from Navy Federal Credit Union to pay for a 2019 Mercedes Benz GLA250, defendant PUENTE falsely represented that his name was "E.P.," and provided a false social security number, when, in fact, as defendant PUENTE then knew, his name was not "E.P.," and the social security number he provided did not belong to him.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 982]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Five of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. §§ 982 and 1029]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982(a)(2) and 1029, in the event of the defendant's conviction of the offenses set forth in any of Counts Six and Seven of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses;

(b) Any personal property used or intended to be used to commit the offenses; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the

court; (d) has been substantially diminished in value; or (e) has
been commingled with other property that cannot be divided without
difficulty.

FORFEITURE ALLEGATION THREE

[18 U.S.C. § 982]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Eight of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

11

1   substantially diminished in value; or (e) has been commingled with

2   other property that cannot be divided without difficulty.

A TRUE BILL

_____/s/_____
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes
Section

K. AFIA BONDERO
Assistant United States Attorney
Major Frauds Section